[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12998
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-00117-WSD-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAXIMINO MATEO NUNEZ,
a.k.a. Jose Carlos Rosario Martinez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 19, 2011)

Before DUBINA, Chief Judge, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Maximino Mateo Nuñez appeals his 30-month sentence for

illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Nuñez argues that his sentence is substantively unreasonable because the district court focused on his past criminal history to the exclusion of other appropriate factors. According to Nuñez, a downward variance from the guideline range was appropriate.

We review the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Pugh,* 515 F.3d 1179, 1190 (11th Cir. 2008).  "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in [18 U.S.C.] § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations and alteration omitted). We vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable

2

sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011) (quotation omitted). Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the guidelines range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

When sentencing a defendant, a district court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medical care, or correctional treatment; (3) the Sentencing Guidelines' range; (4) pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (6) the need to provide restitution to victims. *See* 18 U.S.C. § 3583(e) (providing that the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)(D), and (a)(4)(7) when sentencing a defendant upon revocation of supervised release); 18 U.S.C. § 3553(a)(1), (a)(2)(B)(D), and (a)(4)(7).

After reviewing the record and reading the parties' briefs, we conclude that

Nuñez's 30-month sentence was substantively reasonable. The district court properly considered all the factors and imposed a within-range guideline sentence, well below the 20-year statutory maximum. As Nuñez himself mentions, there are almost no factors that would distinguish him from a typical illegal reentry case. He had a criminal history involving drugs, and even if the court could have deemed his prior conduct less serious, it was not unreasonable to treat it in the manner set forth in the guidelines, as serious, particularly since Nuñez committed fraud to avoid detection after reentering the country. Accordingly, for the aforementioned reasons, we affirm Nuñez's sentence.

**AFFIRMED.**